### APPEAL PREMATURELY TAKEN.

Circuit Court of Cuyahoga County.

SAMUEL PICKERSGILL v. WILLIAM J. HUNT ET AL.

Decided, June 7, 1909.

*Appeal on Dismissal of Cross-Petitions Tending Equitable Defense— Issues—Tendered By Petitions Untried—Appeal Premature.*

Suit was brought upon a building contract and for extras; the defendant, by cross-petition, asked that the contract be reformed to include modifications of it claimed to have been made by the parties; hearing on the cross-petition was had to the court, before the issues made by the petition were tried to a jury and the court dismissed the cross-petition, whereupon, and before trial of issue tendered by the plaintiff, the defendant appealed. *Held:* As the judgment on the equitable cause of action set up in the cross-petition did not dispose of the entire case there was no final order and the appeal was prematurely taken and must be dismissed.

*L. B. Ware,* for plaintiff.
*Smith, Taft & Arter,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The plaintiff sued the defendants, claiming to recover a balance due upon a building contract, and also to recover for cer-

tain extras which he claimed to have furnished for the building named in the contract, and he prayed to foreclose a mechanic's lien upon the property described in the petition.

The defendants answered, denying some of the things averred in the petition, and admitting some of them, and filed a cross-petition in which they aver that the contract sued upon, which was in writing, was subsequent to its being signed, modified in such wise as that some, if not all of the extras for which payment was claimed in the petition, were to be included in the contract itself, and they prayed that the court modify the contract upon which suit was brought. This claim clearly raised a question to be tried by the court, whereas the other issues made in the case were triable to a jury. The court heard the evidence, upon the matter of the modification of the contract, and refused to make the modification, and dismissed the cause of the defendant's cross-petition. The language of the entry is:

"Feb. 10, 1909. To Court: This cause came on to be heard on the issues joined upon the first cause of action set forth in the cross-petition of the defendants, William J. and Sarah Hunt, and the evidence was argued by counsel and submitted to the court; and upon due consideration thereof, the court find in favor of the plaintiff and against said defendants on said first cause of action and the same is dismissed. And it is considered that said plaintiff recover of said defendants his costs made on said first cause of action. Judgment is rendered against said defendants for their costs thereto."

From this judgment the defendants, William J. and Sarah Hunt, appealed to this court. Motion is made to dismiss that appeal. This motion is well taken. Our statute (Section 5236, Revised Statutes of Ohio), provides only for appeals (except in special proceedings) from a final order, and a final order is defined in Section 6707, Revised Statutes of Ohio, which reads:

"An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon summary application in an action after judgment is a final order which may be vacated, modified or reversed, as provided in this title."

It is true that this definition of a final order is in the chapter relating to proceedings in error, but the circuit court in the case of *Williams* v. *Wyont*, 10 C.C (N.S.), 427, treats it, and we think properly, as being the definition of a final order as well for appeals as in proceedings in error.

We have examined the authorities to which attention has been called by the appellant, but are unable to reach the conclusion reached by him. We think the appeal was prematurely taken. The case should have been tried, and when it is tried an appeal can be taken. The court will try the appeal and then being bound by the determination of the questions submitted to the jury in the trial court, can modify its decree if it should find that a revision of the instrument should be made in such wise as to reach the proper result. We think the proper course is pointed out in the case of *Buckner* v. *Mear*, 26 O. S., 515. An examination of this case indicates, and we think, clearly, that no appeal can be taken from the decision on the equity branch of the case until the case has been finally disposed of in the common pleas. Of course where the determination of the equity question determines the entire case, an appeal would forthwith be had, because the case so far as any trial of it could be had in the court of common pleas, is ended. But that is not this case. Here the court held against the claim made by the defendants for equitable relief. The result is, as already indicated, that the appeal is dismissed.